

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00370-CV

_____

IN THE INTEREST OF H.H., H.H., AND H.H., CHILDREN

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 190,898-C

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant J.H.[1] attempts to appeal from a trial court order denying his motion for enforcement of certain provisions in a 2020 divorce decree.[2] *See generally* Tex. Fam. Code Ann. § 157.001. But appeals may be taken only from final judgments or appealable interlocutory orders,[3] *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *In re A.L.*, No. 02-17-00460-CV, 2018 WL 895206, at *1 (Tex. App.—Fort Worth Feb. 15, 2018, no pet.) (mem. op.), and the trial court's order denying enforcement is neither, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); Tex. Fam. Code Ann. § 105.001(e).

Accordingly, we notified Appellant of our concern that we lacked jurisdiction over this appeal, and we warned that we would dismiss the appeal unless, within ten days, Appellant (or any other party) showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant's counsel responded with the candid

---

[1]Because this appeal stems from a suit affecting the parent–child relationship, we use aliases to refer to the parties. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]On the same day that the trial court denied Appellant's motion for enforcement, it entered new temporary orders in the underlying suit.

[3]The increasing number of statutory exceptions for interlocutory appeals led the Texas Supreme Court to question whether "[l]imiting appeals to final judgments can no longer be said to be the general rule." *Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 14 (Tex. 2022) (plurality op.) (quoting *Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019)).

acknowledgement that the challenged order "is not a final appealable order," and he stated that he "does not contest the Court's jurisdictional concern."[4]

We thus dismiss Appellant's attempted appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 8, 2022

---

[4]After acknowledging that the court lacked jurisdiction over this interlocutory appeal, Appellant filed a mandamus petition challenging not only the order denying enforcement but also the temporary orders entered by the trial court on the same day. *See* Petition for Writ of Mandamus, *In re J.H.*, No. 02-22-00457-CV (Tex. App.—Fort Worth filed Nov. 21, 2022).